UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| Beth Richmond,<br><br>       Plaintiff,<br>v.<br><br>Fair Collections & Outsourcing, Inc.; and<br>DOES 1-10, inclusive,<br><br>       Defendants. | Civil Action No.: 1:13-cv-01163<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Beth Richmond, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Beth Richmond ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Fair Collections & Outsourcing, Inc. ("FCO"), is a Maryland business entity with an address of 12304 Baltimore Avenue, Suite E, Beltsville, Maryland 20705, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by FCO and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. FCO at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to FCO for collection, or FCO was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. FCO Engages in Harassment and Abusive Tactics

12. In or around February 2013, FCO began calling Plaintiff at her place of employment in an attempt to collect the Debt.

13. Plaintiff informed FCO that calls to her workplace were inconvenient and prohibited by her employer. Plaintiff requested both verbally and in writing that Defendants only contact her on her cellular telephone.

14. Plaintiff also began making payments to FCO in an effort to reduce the balance of the Debt.

15. FCO, however, continued placing calls to Plaintiff's place of employment in an

attempt to collect the Debt.

16. The repeated calls to Plaintiff's workplace caused a great amount of frustration and distress to Plaintiff.

**C. <u>Plaintiff Suffered Actual Damages</u>**

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

19. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**</u>

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted Plaintiff at her place of employment, despite knowing that Plaintiff's employer prohibited such communications.

22. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

23. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple

violations of the FDCPA.

25. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages from Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 19, 2013

Respectfully submitted,

By   */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
ATTORNEYS FOR PLAINTIFF